```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| STEVEN RAY SHELTON,<br><br>            Petitioner,<br><br>     v.<br><br>JORDAN HOLLINGSWORTH,<br><br>            Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-1249 (JBS)<br><br>**OPINION** |

APPEARANCES:

Steven Ray Shelton, Petitioner Pro Se
# 06660-043
FCI Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640

Irene E. Dowdy, Esq.
Office of the U.S. Attorney
401 Market Street, Fourth Floor
P.O. Box 2098
Camden, New Jersey
     Attorney for Respondent, Jordan Hollingsworth

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

    This matter comes before the Court on pro se Petitioner Steven Ray Shelton's ("Petitioner") motion for default judgment and imposition of sanctions, or in the alternative to strike Respondent Jordan Hollingsworth's answer to his Petition for Writ of Habeas Corpus. (Docket Entry 6). These motions are being decided on the papers pursuant to Fed. R. Civ. Pro. 78(b). For

the reasons set forth below, Petitioner's motions, with the exception of his motion for an extension of time, are denied.

## II. Procedural History

Petitioner filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons'("BOP") calculation of his sentence. (Docket Entry 1). On February 25, 2015, this Court ordered Respondent to answer the petition within 45 days. (Docket Entry 2).

On April 8, 2015, Petitioner filed a Motion for Default Judgment. (Docket Entry 3). Respondent filed his answer to the petition, (Docket Entry 4), as well as his opposition to Plaintiff's motion, (Docket Entry 5), on April 13, 2015. On April 22, 2015, Petitioner filed a Motion for Default, Motion for Sanctions or, in the alternative, to strike portions of Respondent's answer. (Docket Entry 6).[1] Respondent filed his opposition to those motions on May 4, 2015. (Docket Entry 8).

Simultaneously with his second set of motions, Petitioner filed a motion for the appointment of pro bono counsel and for an extension of time to file a traverse. (Docket Entry 7). Respondent did not file an objection to those motions. (*See generally* Docket Entry 8).

---

[1] Petitioner's second Motion for Default Judgment restates the arguments made in his first motion, namely that Respondent's answer was untimely.

### III. DISCUSSION

**A. Motion for Default Judgment**

Petitioner filed two motions for a default judgment. (Docket Entries 3 and 6). An entry of default by the Clerk of Court serves as a "prerequisite" to obtaining a default judgment by the court. *Husain v. Casino Control Comm'n,* 265 F. App'x 130, 133 (3d Cir. 2008); *see also* Fed. R. Civ. Pro. 55(a). The Clerk of the Court did not enter any default by Respondent, therefore default judgment is not appropriate.

In addition to there being no entry of default, default judgment is additionally inappropriate because Respondent's answer was timely. Petitioner argues that as this Court's order was dated February 24, 2015, Respondent's answer was due on April 10, 2015. (Docket Entry 6 ¶¶ 3-4). As Respondent did not request an extension before filing, Petitioner argues he is entitled to a default judgment.  This argument, however, has no merit.

Under Federal Rule of Civil Procedure 6, the day of the event triggering the 45-day filing deadline, in this case the entry of the Court's order on February 25, 2015, is excluded from the calculation of time. Fed. R. Civ. Pro. 6(a)(1)(A). February 26, therefore, was the first day of the 45-day time period. The 45th day was Saturday, April 11, 2015, and under the federal rules "if the last day is a Saturday, Sunday, or legal

3

holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. Pro. 6(a)(1)(C). The time period in which Respondent could file a timely answer to the petition was therefore continued until Monday, April 13, 2015. Respondent did in fact file his answer on that date, (Docket Entry 4), therefore the answer was timely.

Petitioner's motions for default judgment are denied.

**B. Motion for Sanctions**

Petitioner additionally asks this Court to impose sanctions, both in the form of monetary penalties and Petitioner's immediate release pending resolution of his petition, against Respondent for failure to provide the Court and Petitioner with certified copies of the complete administrative record. (Docket Entry 6 ¶¶ 8-14). Federal Rule of Civil Procedure 37 allows a court to impose sanctions where a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. Pro. 37(b)(2)(A). The Court employs its sound discretion in determining what sanctions to impose. *See Bowers v. NCAA*, 475 F.3d 524, 538 (3d Cir. 2007). Unlike an order compelling discovery, however, an order to file an answer to the § 2241 petition, including an appendix, is not always self-explanatory. Moreover, if there is a disagreement about the completeness of the administrative record, the disputing party

4

has the burden of producing the missing items for completeness, or, at a minimum, identifying with particularity what is missing and why it is necessary. Such disputes can readily be resolved between parties without court interruption.

In response to the Court's order, Respondent submitted a detailed appendix containing documents certified to be accurate copies of the originals. (*See generally* Docket Entry 4). The response includes Petitioner's administrative remedy requests and the responses by BOP officials. (Docket Entry 4-13). Although Petitioner argues "Respondent failed to filed <u>any</u> administrative record, and provided piecemeal documentation of Marshall custody[,]" (Docket Entry 6 ¶ 10 (emphasis in original)), he does not identify what portions of the record Respondent did not provide. Petitioner has not demonstrated there has been a violation of the Court's order, let alone a willful violation warranting sanctions. Petitioner's motion is denied.

**C. Motion to Strike**

A district court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "[m]otions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause

5

prejudice to one of the parties." *Sliger v. Prospect Mortgage, LLC,* 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011) (*citing* 5A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d 1380).

Petitioner requests this Court to strike Respondent's introduction and statement of the case. The Court will not do so as Petitioner has not shown that the introduction and statement of the case are irrelevant to the case or cause him unfair prejudice. The motion is denied.

**D. Motion for Appointment of Counsel**

Petitioner requests this Court appoint counsel for him as he has no formal legal training. (Docket Entry 7). At this time, the motion for counsel will be denied without prejudice.

There is no Sixth Amendment right to appointment of counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); *Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997) (holding that there is no statutory or constitutional right of counsel conferred upon indigent civil litigants); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *cert. denied*, 503 U.S. 988 (1992) ("there is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d).

Title 18 of the United States Code, section 3006A(a)(2)(B) states that counsel may be appointed to an *indigent* habeas petitioner where the "interests of justice so require."[2] Petitioner is not presently eligible for the appointment of counsel as he has not demonstrated he is unable to afford an attorney. The Court must deny the motion at this point in time, however the Clerk shall be directed to send Petitioner an application to proceed *in forma pauperis*.  Should Petitioner wish to reapply for appointment of counsel, he should include the application with his motion, and address the factors listed in n.2, above.

**E. Motion for Extension of Time**

In the interests of justice, and as Respondent has not objected, Petitioner's motion for an extension of time to file a response to Respondent's answer shall be granted. Petitioner shall have thirty (30) days from the date of this Opinion and Order to submit his response.

---

[2] The relevant factors in this inquiry include "'(i) the likelihood of success on the merits; (ii) the complexity of the legal issues raised by the complaint; and (iii) the ability of the prisoner to investigate and present the case.'" *Neeld v. New Jersey*, 2012 WL 603293, *1 (D.N.J. Feb. 22, 2012) (quoting *Paul v. Attorney Gen. of State of N.J.*, 1992 WL 184358, *1 (D.N.J. July 10, 1992)).

## IV. CONCLUSION

For the above stated reasons, Petitioner's motions, with the exception of his motion for an extension of time to file a response, are denied. An accompanying Order will be entered.


| | |
|---|---|
| **May 18, 2015** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE<br>Chief U.S. District Judge |