```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| STEVEN RAY SHELTON, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| v. | Civil Action<br>No. 15-1249 (JBS) |
| JORDAN HOLLINGSWORTH, | |
| Respondent. | **OPINION** |

APPEARANCES:

Steven Ray Shelton, Petitioner Pro Se
# 06660-043
FCI Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640

Irene E. Dowdy, Assistant U.S. attorney
Office of the U.S. Attorney
401 Market Street, Fourth Floor
P.O. Box 2098
Camden, New Jersey
    Attorney for Respondent, Jordan Hollingsworth

**SIMANDLE, Chief Judge:**

**I. INTRODUCTION**

This matter comes before the Court on pro se Petitioner Steven Ray Shelton's ("Petitioner") motion for the appointment of pro bono counsel and extension of time to file a traverse (Docket Entry 12). Respondent United States of America opposes the motion for appointment of counsel. (Docket Entry 13). These motions are being decided on the papers pursuant to Fed. R. Civ. Pro. 78(b). For the reasons set forth below, Petitioner's motion for the appointment of

counsel is denied, and his motion for an extension of time is granted.

## II. Procedural History

Petitioner filed a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons'("BOP") calculation of his sentence. (Docket Entry 1). On February 25, 2015, this Court ordered Respondent to answer the petition within 45 days. (Docket Entry 2).

On April 8, 2015, Petitioner filed a Motion for Default Judgment. (Docket Entry 3). Respondent filed his answer to the petition, (Docket Entry 4), as well as his opposition to Plaintiff's motion, (Docket Entry 5), on April 13, 2015. On April 22, 2015, Petitioner filed a Motion for Default, Motion for Sanctions or, in the alternative, to strike portions of Respondent's answer. (Docket Entry 6). Respondent filed his opposition to those motions on May 4, 2015. (Docket Entry 8). Simultaneously with his second set of motions, Petitioner filed a motion for the appointment of pro bono counsel and for an extension of time to file a traverse. (Docket Entry 7). Respondent did not file an objection to those motions. (*See generally* Docket Entry 8).

By Opinion and Order dated May 18, 2015, this Court denied all of Petitioner's motions except for his request for additional time in which to submit his traverse. (Docket Entries 9 and 10). The Court granted Petitioner an additional thirty (30) days in which to file his traverse. The Court additionally directed the Clerk to

provide Plaintiff with an application to proceed *in forma pauperis* to submit for consideration in connection with any future motions for the appointment of counsel. (Docket Entries 9 and 10).

Petitioner filed the instant motion for the appointment of counsel on June 8, 2015, (Docket Entry 12), accompanied by an application to proceed *in forma pauperis*, (Docket Entry 11). Petitioner additionally requested an extension of time in which to file his traverse. (Docket Entry 12). Respondent filed a timely objection to the request for counsel. (Docket Entry 13).

### III.  DISCUSSION

There is no Sixth Amendment right to appointment of counsel in habeas proceedings. *See Coleman v. Thompson,* 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997) (holding that there is no statutory or constitutional right of counsel conferred upon indigent civil litigants); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *cert. denied*, 503 U.S. 988 (1992) ("there is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d). The Court may appoint counsel in a § 2241 proceeding where the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

"Under these guidelines, the district court must first decide if the petitioner has presented a nonfrivolous claim and if the

3

appointment of counsel will benefit the petitioner and the court." *Reese*, 946 F.2d at 263-64. Factors influencing a court's decision include:"'(i) the likelihood of success on the merits; (ii) the complexity of the legal issues raised by the complaint; and (iii) the ability of the prisoner to investigate and present the case.'" *Neeld v. New Jersey*, 2012 WL 603293, *1 (D.N.J. Feb. 22, 2012) (quoting *Paul v. Attorney Gen. of State of N.J.*, 1992 WL 184358, *1 (D.N.J. July 10, 1992)).

Petitioner asserts he is entitled to habeas relief by virtue of the fact that the BOP failed to run his federal sentence concurrently with his sentence imposed by the State of Mississippi. (Docket Entry 1 ¶ 8). He has submitted an application to proceed *in forma pauperis* accompanied by an affidavit of indigency, which indicates Petitioner is unable to afford an attorney on his own. (Docket Entry 11). Furthermore, the Court concluded in reviewing the petition pursuant to Habeas Rule 4 that it did not plainly appear from the face of that petition and attached exhibits that Petitioner was not entitled to relief. *See* 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1 (b)); Docket Entry 2. Therefore the Court will presume for the present purposes only that his claims have some merit. The Court must now determine whether the appointment of counsel will benefit Petitioner and the Court.

The Court finds that the issues raised by Petitioner are neither factually nor legally complex so as to necessitate the appointment of counsel. Whether the BOP's denial of *nunc pro tunc*

4

designation for Petitioner's federal sentence was an abuse of its discretion can be determined from the record provided by the parties without testimony, therefore the case is not likely to depend heavily on credibility determinations. Likewise, there is little, if any, need for further discovery to be undertaken by Petitioner.

Moreover, Petitioner has ably and coherently presented his claims to this Court, in spite of his assertions that he only has a high school education with "limited experience" in legal and habeas matters. (Docket Entry 14 ¶¶ 4(a)-(b)).[1] He has been an active participant in the litigation, and nothing in his many filings indicates he cannot continue to be one without the assistance of counsel. His assertion that counsel is needed to prevent him from being "manipulated by the BOP," (Docket Entry 14 at 3), has no factual support in the record and does not warrant counsel.[2]

---

[1] Petitioner did not address the factors for the appointment of counsel in his moving papers, in spite of the fact that this Court's previous Opinion and Order instructed him to do so. (*See* Docket Entry 9, slip op. at 6-7 & n.2). Any future motions must have all of Petitioner's arguments set forth in the moving papers, as any arguments raised for the first time in response papers are usually deemed waived. *Anspach v. City of Phila.*, 503 F.3d 256, 259 n.1 (3d Cir. 2007) (observing that absent compelling circumstances, "failure to raise an argument in one's opening brief waives it.").

[2] Petitioner states that he has previously been subject to retaliation by BOP officials for pursuing a separate, unrelated issue, including the withholding of his mail. (Docket Entry 14 at 2). There is no indication from Petitioner that he is currently being denied access to this Court, and indeed his active participation in this matter indicates that he is not facing any such impediment. To the extent Petitioner wishes to

As Petitioner has not established facts sufficient to establish the appointment of counsel is in the interests of justice, his motion for the appointment of pro bono counsel is denied at this time. Petitioner shall have thirty (30) days from the date of this Opinion and Order to submit his traverse. No further extensions of time will be granted absent good cause.

**IV.   CONCLUSION**

For the above stated reasons, Petitioner's motion for the appointment of counsel is denied. An accompanying Order will be entered.


**August 31, 2015**                                                **s/ Jerome B. Simandle**
Date                                                                          JEROME B. SIMANDLE
                                                                                   Chief U.S. District Judge

---

pursue a civil rights claim, he must do so in a separate action filed pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).